# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE HARRIS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:17-CV-115 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Movant Timothy Wayne Harris, Jr., a federal prisoner, proceeding *pro se*, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### Factual Background

On June 5, 2013, a federal grand jury in the Eastern District of Texas charged movant and a co-defendant in a 5-Count indictment with one count of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 and 2119; two counts of carjacking, in violation of 18 U.S.C. § 2119; and two counts of using or carrying a firearm during and in relation to a crime of violence. A jury found movant guilty on each count of the indictment. On February 11, 2015, movant was sentenced to 522 months of imprisonment. The judgment was affirmed on appeal. *United States v. Harris*, 627 F. App'x 379 (5th Cir. 2015).

### The Motion to Vacate

Movant contends his trial attorney provided ineffective assistance of counsel by: (1) failing to object to an in-court identification; (2) failing to investigate witnesses; (3) not informing movant of a plea offer; and (4) failing to investigate an obstruction of justice guideline enhancement for malingering. Movant contends his appellate attorney provided ineffective assistance by failing to file a petition for writ of certiorari. Finally, movant contends that his convictions for using or

carrying a firearm during and in relation to a crime of violence are unconstitutional in light of recent decisions by the United States Supreme Court.

## Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights, and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Analysis

*I. Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, the movant must prove counsel's performance was deficient, and the deficient performance prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because the movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, the movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, the movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. The movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th

Cir. 1994). The court will now consider the merits of movant's ineffective assistance of counsel claims.

### A. Failing to Object to In-Court Identification

One of the victims, Darren Erwin, was unable to identify movant in a photographic lineup shortly after the offense occurred. Trial Transcript (TT), Vol. 3 at 381. Mr. Erwin testified at trial that he saw movant in the hallway outside the courtroom the day before he testified, and, at that time, Mr. Erwin recognized movant as one of the carjackers. TT, Vol. 3 at 382-83. Movant contends that his attorney should have objected to this in-court identification because it was impermissibly suggestive.

Due process requires the exclusion of an identification tainted by improper police influence if there is a substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384 (1968). The United States Supreme Court applies a two-prong test when considering whether to exclude an out-of-court identification at trial. *Perry v. New Hampshire*, 565 U.S. 228, 238-39 (2012); *United States v. Honer*, 225 F.3d 549, 552 (5th Cir. 2000). First, the Court must determine whether the police used an unnecessary and suggestive identification procedure. *Perry*, 565 U.S. at 238-39. If so, the Court must ask "whether improper police conduct created a 'substantial likelihood of misidentification." *Perry*, 565 U.S. at 239. *Honer*, 225 F.3d at 553.

In this case, the police and the prosecution had no part in the witness's identification. The witness testified that he saw movant outside the courtroom, recognized movant as one of the carjackers, and advised the victim coordinator that he could identify movant as one of the carjackers. TT, Vol. 3 at 382-83, 386. Because the identification was not made through the use of an unnecessary or suggestive identification procedure, any objection to the identification would have

4

been meritless. Defense counsel's decision to thoroughly cross-examine the witness concerning his identification of movant as one of the carjackers instead of objecting to the testimony was a reasonable trial strategy. Therefore, movant has not shown that counsel performed deficiently. In addition, he has not demonstrated that he was prejudiced by counsel's decision not to object to the identification.

    *B. Failure to Investigate Obstruction of Justice Enhancement*

Movant's competency to stand trial was called into question. Movant had several psychiatric evaluations, including one that concluded he was malingering. Ultimately, he was found competent to stand trial.

Following his conviction, the Presentence Report (PSR) recommended a 2-level adjustment to the base offense level for obstruction of justice based on evidence that movant was malingering. Defense counsel objected to the obstruction of justice enhancement, arguing that the court made a finding that movant was competent to stand trial, not that he was malingering. At the sentencing hearing, defense counsel requested a hearing to confront and cross-examine witnesses that the government intended to offer to support a finding of malingering. Sentencing Transcript (ST), Vol. 1 at 7-10. However, the court found that the evidence in the PSR had sufficient indicia of reliability to support its probably accuracy, and the court found by a preponderance of evidence that movant obstructed justice by feigning mental illness. ST, Vol. 1 at 10.

Movant contends that his attorney should have investigated the enhancement for obstruction of justice. Movant refers to evidence in the record that supported his contention that he was not malingering, but was not referred to in the PSR. However, that evidence was already before the court. Movant also contends that his attorney should have requested a hearing, but the record reflects

5

that, in fact, defense counsel did request a hearing. Movant has not demonstrated that counsel performed deficiently with respect to the obstruction of justice enhancement. Nor has he demonstrated that he was prejudiced by counsel's performance. Movant's conclusory assertions of prejudice are insufficient to satisfy the prejudice prong of the *Strickland* test. *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008).

  *C. Failure to File a Petition for Certiorari*

Movant contends that his appellate counsel should have filed a petition for writ of certiorari regarding movant's claim that he was not properly arraigned on the superseding indictment. Review by the United States Supreme Court is discretionary, and a defendant does not have a constitutional right to counsel in pursuing discretionary review. *Ross v. Moffitt*, 417 U.S. 600, 617-19 (1974). Therefore, this claim lacks merit.

In his Reply to the Government's Response, movant contends that his appellate attorney did not advise him that he had a right to file a petition for writ of certiorari. Because this claim was not raised in his original § 2255 motion, the court will assume that movant is seeking leave to amend his motion to vacate sentence.

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure apply to § 2255 motions, as long as they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Therefore, movant's ability to amend the motion to vacate sentence is governed by Rule 15 of the Federal Rules of Civil Procedure. *United States v. Saenz*, 282 F.3d 354, 355 (5th Cir. 2002).

Because the government had served a responsive pleading, movant may only amend by leave of court or with the government's written consent. FED. R. CIV. P. 15(a)(2). The government has

not consented to the amendment in writing, so movant must have leave of court to amend. In determining whether to grant leave to amend, the court must consider the following factors: 1) whether permitting the pleading will cause undue delay in the proceedings or undue prejudice to the nonmovant, 2) whether the movant is acting in bad faith or with a dilatory motive, 3) whether the movant has previously failed to cure deficiencies by prior pleadings, or 4) if the proposed pleading is futile because it adds nothing of substance to the original pleadings or is not germane to the original cause of action. *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386-87 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

There is no indication that movant acted in bad faith, or that granting the motion would cause the government undue prejudice. However, allowing movant to amend at this point would necessarily cause delay. Further, it would be futile to allow movant to amend because the new ground for review is barred by the one-year statute of limitations, unless the new ground for review relates back to the original pleading.

An amended pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. FED. R. CIV. P. 15(c). However, in this case, movant's claim that counsel failed to advise him of his right to file a petition for writ of certiorari does not relate back to the subject matter of any of the claims in the original motion. Claims raised in an amended pleading do not relate back merely because they challenge the same conviction and sentence. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). A new claim of ineffective assistance of counsel does not relate back to prior ineffective assistance claims if it asserts a new ground for relief supported by different facts from those in the original pleading. *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009).

7

Movant's new claim relies on an entirely different set of facts than the claims asserted in the original § 2255 motion. It is an entirely new claim that does not relate back to the original pleading. Accordingly, movant should be denied leave to amend the motion to vacate sentence.

### D. Failure to Investigate Witnesses

Movant contends his attorney failed to investigate witnesses to develop information that could be used to impeach them. This claim is conclusory. Movant does not explain how the investigation was inadequate, what information could have been discovered with additional investigation, or explained how that information would have aided his defense. Because movant has not demonstrated that counsel performed deficiently by failing to adequately investigate witnesses or that he was prejudiced by counsel's performance, movant is not entitled to relief on this ground.

### E. Failure to Inform Movant of a Plea Offer

Movant contends that his attorney provided ineffective assistance by "not informing movant of a plea offered by the government prior to him proceeding to trial." The government asserts that a plea agreement was not offered in this case due to the seriousness of the offense. Movant offered no evidence to support his conclusory allegation that the government offered a plea agreement, and counsel failed to convey that offer to him. Therefore, movant failed to demonstrate that counsel provided ineffective assistance by failing to convey a plea offer to him, or that movant was prejudiced by counsel's performance.

## II. Validity of Convictions Under 18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c)(1)(A) sets forth criminal penalties for any person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime," or possesses a firearm in furtherance of such a crime. A crime of violence is defined as a felony that "has as an

8

element the use, attempted use, or threatened use of physical force against the person or property of another," or "*involves a substantial risk that physical force. . . may be used in the course of committing the offense.*" 18 U.S.C. § 924(c)(3)(A),(B).

Citing *Johnson v. United States*, _ U.S. _ , 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, ___ U.S. ___ , 138 S. Ct. 1204 (2018), movant contends that carjacking is not a "crime of violence," and, therefore, the firearm convictions should be vacated. In *Johnson*, the United States Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA),[1] which increases a sentence if the defendant has three or more previous convictions for a "violent felony," violates due process. *Johnson*, 135 S. Ct. at 2563. In *Sessions v. Dimaya*, the Supreme Court held that the similarly-worded residual clause of the 18 U.S.C. § 16, which defines a "crime of violence" for many federal statutes, violated due process. *Dimaya*, 138 S. Ct. at 1210.

Recently, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B), italicized above, is unconstitutionally vague. *United States v. Davis*,___ U.S. ___ , 139 S. Ct. 2319, 2336 (2019). However, *Davis* does not invalidate movant's § 924(c) convictions because the offense of carjacking is considered a crime of violence under the element clause of 18 U.S.C. § 924(c)(3)(A), not the residual clause. *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017). Therefore, movant's claim that his firearm convictions violate due process lacks merit and should be denied.

---

[1] The Armed Career Criminal Act (ACCA) provides that a person who violates 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if he has three or more prior convictions for a violent felony or a serious drug offense. A "violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The quoted language is referred to as the "residual clause" of the ACCA, and the listed offenses are referred to as the "enumerated offenses."

Certificate of Appealability

In this case, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. The movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence should be denied. A final judgment shall be entered in accordance with this Memorandum Opinion. A certificate of appealability will not be issued.

**SIGNED** this the 4 day of **March, 2020.**

*[Signature: Thad Heartfield]*
Thad Heartfield
United States District Judge